IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| DILLON KING and ALLISON KING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 1:24-cv-00047 |
| | ) | |
| RAE PRODUCTS, | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's motion for summary judgment on Plaintiff Allison King's claims (Doc. No. 26), which is fully briefed. (*See* Doc. Nos. 47, 56). For the reasons stated herein, Defendant's motion is **GRANTED** in part and **DENIED** in part. The Court will rule on the two remaining motions for summary judgment (Doc. Nos. 27, 30) in due course.

## I. FACTUAL BACKGROUND[1]

Plaintiff brings this case against her former employer, claiming it retaliated against her in violation of her civil rights. Plaintiff made a sexual harassment complaint on behalf of another employee in April 2022, after which she was excluded from a plantwide pay increase. Plaintiff made a retaliation complaint against Defendant's Human Resources Consultant, Missy Meador, on June 14, 2022, who shortly thereafter began investigating newly found discrepancies in Plaintiff's timesheets and placed Plaintiff on leave. Plaintiff resigned on July 28, 2022, although Defendant was prepared to terminate her employment that day for timecard falsification.

---

[1] At this stage, the Court construes the factual record in the light most favorable to Plaintiff, the nonmoving party. *C.S. v. McCrumb*, 135 F.4th 1056, 1060 (6th Cir. 2025). The factual background in this Memorandum is not a complete statement of the material facts in this case but rather includes the facts necessary for the Court's analysis and resolution of the pending motion.

Plaintiff filed the present action on May 7, 2024, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Tennessee Human Rights Act ("THRA"), and 42 U.S.C. § 1983. (*See* Doc. No. 1).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id*. The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

### III. ANALYSIS

#### A. THRA Claims

THRA claims are subject to a one-year limitations period beginning when the alleged discriminatory and/or retaliatory activity ceases. *See* Tenn. Code Ann. § 4-21-311(d) ("A civil cause of action under this section shall be filed in chancery court or circuit court within one (1) year after the alleged discriminatory practice ceases ...."). Unlike for Title VII actions, the filing of an EEOC charge does not toll the statute of limitations on THRA claims. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 464 (6th Cir. 2001). In *Weber v. Moses*, 938 S.W.2d 387 (Tenn. 1996), the Tennessee Supreme Court affirmed the dismissal of the plaintiff's THRA claim as time-barred, based on the finding that the statute of limitations began to run on the date the plaintiff received oral notification that his sales manager contract would terminate, rather than three weeks later, on the effective date of the termination, or the day after the termination, when the plaintiff received written notification of termination in accordance with his contract. The court's decision was based on its conclusion that the employer's decision to terminate the plaintiff's sales manager contract for discriminatory reasons was the discriminatory practice prohibited by the THRA and that the plaintiff had notice of that wrongful action, for purposes of the commencement of the limitations period, when he received oral notification of the decision. *Id*. (citing (among other cases) *Chardon v. Fernandez*, 454 U.S. 6 (1981), and *Delaware State College v. Ricks*, 449 U.S. 250 (1980)). The *Weber court* held unequivocally that "a discriminatory termination ceases and is complete ... when the plaintiff is given unequivocal notice of the employer's termination decision, even if employment does not cease until a designated date in the future." *Id*. at 391–92.

Here, the statute of limitations began to run by no later than July 28, 2022, when Plaintiff's employment ended. However, Plaintiff did not file the present action until May 7, 2024, more than

3

a year after the end of her employment. Accordingly, Plaintiff's THRA claims are barred by the one-year-statute of limitations and Defendant is **GRANTED** summary judgment on Plaintiff's THRA claims.

### B. Title VII Claims

Title VII retaliation claims are decided under the familiar *McDonnell/Douglas* burden shifting framework whereby a plaintiff must first establish a prima facie case of retaliation by showing that (1) she engaged in protected activity; (2) the employer knew of the protected activity; and (3) the employer took an adverse employment action against her because of her protected activity. *Huang v. Ohio State Univ.*, 116 F.4th 541, 561 (6th Cir. 2024) (citing *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 419 (6th Cir. 2021)).

Defendant concedes Plaintiff can meet the first two elements of her retaliation claim but argues its "discovery of [Plaintiff]'s falsification of time records justified its decision to terminate [Plaintiff]'s employment and negates any possible causal connection." (Doc. No. 38 at 12, 15-18 (citing *Kenney v. Aspen Techs., Inc.*, 965 F.3d 443, 450 (6th Cir. 2020)). However, the Sixth Circuit has "held many times that employees can establish prima facie causation by showing that their employer began scrutinizing them more heavily shortly after they engaged in protected activity, and then used its findings to justify termination." *Gray v. State Farm Mut. Auto. Ins. Co.*, 145 F.4th 630, 639 (6th Cir. 2025) (citing *Hamilton v. Gen. Elec. Co.*, 556 F.3d 428, 435–36 (6th Cir. 2009); *Upshaw*, 576 F.3d at 588–89; *Adamov v. U.S. Bank Nat'l Ass'n*, 681 F. App'x 473, 479 (6th Cir. 2017); *E.E.O.C. v. New Breed Logistics*, 783 F.3d 1057, 1070–71 (6th Cir. 2015)). And this is "not a case in which performance issues precede and then prompt special scrutiny." *Gray*, 145 F.4th at 642 (citing *Kenney v. Aspen Techs., Inc.*, 965 F.3d 443, 450 (6th Cir. 2020) and *Hall v. Ohio Bell Tel. Co.*, 529 F. App'x 434, 440–41 (6th Cir. 2013)).

4

Further, Defendant urges the Court to find no causal connection based on its alleged non-retaliatory reason for its decision to terminate Plaintiff's employment – timecard falsification – which the Court cannot do when analyzing the prima facie case. *See White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 242 (6th Cir. 2005) ("Sixth Circuit case law warns against conflating the first (*prima facie* case) and second (articulation of a legitimate non-discriminatory reason) steps in the *McDonnell–Douglas* analysis."); *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 473 (6th Cir. 2002) ("...the legitimate non-discriminatory reason offered by the employer at the second stage of the *McDonnell Douglas* inquiry may not be considered in determining whether the employee has produced sufficient evidence to establish a *prima facie* case."). Accordingly, Defendant has failed to show Plaintiff lacks evidence of her prima facie case of retaliation.

Nevertheless, if Defendant can "clearly set forth, through the introduction of admissible evidence," a legitimate, non-retaliatory reason for its employment decision, then the burden shifts back to Plaintiff to show pretext. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 255 (1981). "An articulation not admitted into evidence will not suffice." *Id*. at n.9. If the defendant meets its burden of production, the plaintiff must demonstrate that the proffered reason was not the true reason for the adverse action. *See id*. at 256 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973)).

Defendant fails to meet its burden of production, as it does not direct the Court to *any* evidence setting forth its alleged non-retaliatory reason for its decision to terminate Plaintiff's employment. (Doc. No. 38 at 18; Doc. No. 48). "The Court is not required to search the record to unearth the facts to support a movant's claim." *Bryant v. Floyd Cnty. Fiscal Ct.*, 510 F. Supp. 3d 467, 478 (E.D. Ky. 2020). Accordingly, the Court finds that Defendant has failed to meet its burden at step two of the *McDonnell Douglas* framework. Thus, the Court need not reach pretext. As

Defendant has failed to show Plaintiff lacks evidence to support her Title VII claims or the absence of material disputes of fact as to those claims, summary judgment is inappropriate.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Doc. No. 26) is **GRANTED** as to Plaintiff Allison King's THRA claims and is **DENIED** in all other respects.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE